IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATELYN GRACE

    Plaintiff,

v.

PHOENIX MEDIA NETWORK, INC.

    Defendant.

No. 18 2396

JURY TRIAL DEMANDED

FILED
JUN 07 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## CIVIL COMPLAINT

Plaintiff Katelyn Grace files this Complaint against Defendant Phoenix Media Network, Inc., and in support thereof avers as follows:

### Nature of Claim

1.  Plaintiff Katelyn Grace files this Complaint setting forth causes of action under the Fair Labor Standards Act of 1938, 29 U. S. C. §201, et. seq. ("FLSA"); and the Pennsylvania Minimum Wage Act, 42 Pa. C. S. §333.101, et. seq. ("PMWA").[1]

### Jurisdiction and Venue

2.  This Court has federal question jurisdiction of this matter pursuant to 28 U. S. C. §1331 (Count I), and supplemental jurisdiction over the Pennsylvania state law claim (Count II) pursuant to 28 U. S. C. §1367.

---

[1]. Plaintiff has also filed a Charge of Discrimination against Phoenix Media Network, Inc., based upon pregnancy (sex) with the Equal Employment Opportunity Commission ("EEOC"), EEOC Charge no. 510-2018-02860, which has been dual-filed with the Pennsylvania Human Relations Commission. Plaintiff intends to amend this Complaint and assert causes of action for pregnancy (sex) under Title VII of the Civil Rights Act of 1964, 42 U. S. C. §2000e, including the Pregnancy Discrimination Act of 1978, 42 U. S. C. § 2000e (k) ("Title VII") against Defendant and a cause of action for pregnancy (sex) under the Pennsylvania Human Relations Act, 43 P. S. § 955(a) against Defendant and Ellen Rosenthal, Defendant's Senior Vice President and Regional Market Development upon receipt of applicable authority from the EEOC and the Pennsylvania Human Relations Commission.

1

3. Venue is appropriate in this Court since Plaintiff resides in this jurisdiction; Plaintiff was employed to work for Defendant largely within this District; and Defendant regularly conducts business in this District.

## Parties

4. Plaintiff Katelyn Grace ("Grace") is an individual who resides at 1436 High Avenue, Abington, PA 19001.

5. Defendant Phoenix Media Network, Inc. ("Phoenix Media") is a Florida corporation with its corporate headquarters at 5400 Broken Sound Boulevard, Suite 400, Boca Raton, FL 33487.

6. At all times relevant hereto, Defendant Phoenix Media was acting through its agents, servants and employees, who were acting within the scope of their authority in the course of their employment and under the direct control of Phoenix Media.

## Factual Background

7. Plaintiff Grace is a 28-year-old female.

8. On June 1, 2016, Plaintiff Grace commenced employment with Defendant Phoenix Media as a Marketing Associate.

9. Plaintiff Grace was paid an annual salary of $40,000.00 plus employment benefits; paid on a monthly basis at the rate of $3,333.33 per month.

10. Defendant Phoenix Media is a media company, which has more than two hundred employees, and focuses on the produce industry.

11. Defendant Phoenix Media publishes Produce Business, a trade magazine, and several other digital media businesses, such as Deli Business, Cheese Connoisseur, Floral Business, Perishable Pundit, PerishableNews.com, and ProduceBusiness.com. Phoenix Media also sponsors and participates in live commercial events such as the New York Produce Show and Conference, London Produce Show and the Amsterdam Produce Show.

12. As a Marketing Associate, Plaintiff Grace's principal office was located at her home in Abington, PA (Montgomery County) where Grace performed most of her work unless it was during a period of time in which she was required to travel to New York or attend out of state trade shows.

13. Plaintiff Grace reported directly to Ellen Rosenthal ("Rosenthal"), Senior Vice President and Regional Market Development.

14. Rosenthal maintains her principal office in New York, NY.

15. When Plaintiff Grace commenced employment, Grace was advised that due to her prior experience in the produce industry, she would have a long-term career path at Phoenix Media.

16. Plaintiff Grace assisted Rosenthal by creating and proofreading lists and maps for trade shows, performing various other marketing activities assigned by Rosenthal relating to Phoenix Media's clients, setting up booths for trade shows and selling advertisements.

17. At the commencement of her employment Plaintiff Grave was advised that that she would be working 40 hours per week.

18. Shortly after Plaintiff Grace commenced employment, Grace was assigned worked that required her to work for 11 hours per day, five days per week, Monday through Friday during most work weeks when she worked from her home in Abington, PA.

19. At least once per month, Plaintiff Grace traveled to New York City to work with Rosenthal for multiple days at a time ("the New York Weeks').

20. During the New York Weeks and during trade shows Grace was assigned work that required her to work for 14-15 hours per day.

21. Defendant Phoenix Media paid for all of Plaintiff Grace's travel expenses for the New York Weeks and trade shows.

22. Senior Vice President Rosenthal was aware of the number of hours that Plaintiff Grace was working each work week.

23. Defendant Phoenix Media did not require Plaintiff Grace to maintain records that show the number of hours that Grace worked each day.

24. Defendant Phoenix Media paid Plaintiff Grace the same salary regardless of the fact that Grace worked over forty (40) hours per week.

25. During the course of her employment Plaintiff Grace never received overtime pay for any workweek when she worked in excess of forty (40) hours.

26. Plaintiff Grace did not have any management duties.

27. Plaintiff Grace did not direct the work of at least two employees.

28. Plaintiff Grace did not have the authority to hire or fire any employees.

29. For the year ending December 31, 2016, Plaintiff Grace was paid a total of $19,999.98 in W-2 wages.

30. For the year ending December 31, 2017, Plaintiff Grace was paid a total of $39,108.96 in W-2 wages.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT - OVERTIME PAY

### 29 U. S. C. §201, et. seq.

31. Paragraphs 1 to 30 are incorporated herein as if set forth in full.

32. Plaintiff Grace was an Employee within the meaning of 29 U. S. C. §203(e)(1) during the term of her employment.

33. Defendant Phoenix Media is an Employer within the meaning of 29 U. S. C. §203(d) of the FLSA.

34. During Plaintiff Grace's employment, Defendant Phoenix Media was engaged in commerce, engaged in the production of goods or services for commerce and/or employed in an enterprise engaged in commerce or in the production of goods or services for commerce.

35. Defendant Phoenix Media has gross annual revenue of greater than $500,000.

36. Plaintiff Grace is a party to whom wages are owed.

37. Defendant Phoenix Media repeatedly failed to comply with the maximum hours provisions of 29 U. S. C. §207 of the FLSA by failing to pay Plaintiff Grace time and one-half of her regular rate for hours worked in excess of forty (40) hours per week.

38. Defendant Phoenix Media's acts were willful, as Phoenix Media knew, or should have known of the FLSA's requirements.

39. The executive exemption of the FLSA does not apply to Plaintiff Grace's job as her primary job duty did not involve managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise; she did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent; and she did

not have the authority to hire or fire other employees, or make suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees.

40. The administrative exemption of the FLSA does not apply to Plaintiff Grace's job as her primary duty was s not the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and her primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

41. The professional exemption of the FLSA does not apply to Plaintiff Grace's job as her primary duty was not the performance of work requiring advanced knowledge predominantly intellectual in character, did not require the consistent exercise of discretion and judgment in a field of science or learning or a prolonged course of specialized intellectual instruction.

42. Defendant Phoenix Media's failures violate the overtime provisions of the FLSA.

WHEREFORE, Plaintiff Katelyn Grace respectfully requests that this Court enter a declaratory judgment that Defendant's actions complained of herein violate the Fair Labor Standards Act of 1938, enter judgment in Plaintiff's favor against Defendant Phoenix Media Network, Inc. for all amounts of overtime wages that Plaintiff should have received under the FLSA but for Defendant's violation of Plaintiff's rights, liquidated damages as provided under the FLSA, reasonable attorneys' fees, expert witness fees, interest and costs, and any other relief, which the Court deems appropriate.

## COUNT II

## VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT

## 42 Pa. C. S. § 333.101, et. seq.

43. Paragraphs 1 to 42 are incorporated herein as if set forth in full.

44. During the course of her employment Plaintiff Grace has been an Employee within the meaning of the PMWA.

45. Plaintiff Grace is a Party to whom overtime wages are owed.

46. Defendant Phoenix Media is an Employer within the meaning of PMWA.

47. Defendant Phoenix Media has failed to comply with the maximum hours provisions of the PMWA by failing to pay Plaintiff Grace time and one-half of her regular rate for hours worked in excess of forty (40) hours per week.

48. Defendant Phoenix Media's acts have been willful, as Defendant should have known of the PMWA's requirements.

49. The executive exemption of the PMWA did not apply to Plaintiff Grace's job as her primary job duty does not involve managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise; she did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent; and she does not have the authority to hire or fire other employees, make suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees,

50. The administrative exemption of the PMWA does not apply to Plaintiff Grace's job as her primary duty was not the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers;

and her primary duty does not include the exercise of discretion and independent judgment with respect to matters of significance.

51. The professional exemption of the PMWA does not apply to Plaintiff Grace's job as her primary duty was not the performance of work requiring advanced knowledge predominantly intellectual in character which includes work requiring the consistent exercise of discretion and judgment in a field of science or learning; customarily acquired by a prolonged course of specialized intellectual instruction.

52. Defendants Phoenix Media's failures violate the overtime provisions of the PMWA.

WHEREFORE, Plaintiff Katelyn Grace respectfully requests that this Court enter a declaratory judgment that Defendant's actions complained of herein violate the Pennsylvania Minimum Wage Act, enter judgment in Plaintiff's favor against Defendant Phoenix Media Network, Inc. in the form of all compensation and monetary losses, which Plaintiff has sustained, including compensatory and statutory damages; reasonable attorneys' fees, expert witness fees, costs, and any other relief which the court deems appropriate.

_____
Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742
email: asa@aemploylaw.com

Attorney for Plaintiff Katelyn Grace

Dated: June 5, 2018