## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATELYN GRACE, | : |
| | : |
| Plaintiff, | : |
| | : |
| | : Civil Action No. 18-2396 |
| v. | : |
| | : |
| PHOENIX MEDIA NETWORK, INC., | : |
| | : |
| Defendant. | : |
| | : |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

Defendant, Phoenix Media Network, Inc. ("Defendant" or "Phoenix"), and Plaintiff, Katelyn Grace ("Plaintiff" or "Ms. Grace"), file this Joint Motion for Approval of Settlement Agreement and Stipulation of Dismissal With Prejudice, and respectfully state as follows:

### INTRODUCTION AND BACKGROUND

1.     On June 7, 2018, Plaintiff, a former at-will employee of Defendant, filed a Civil Complaint in the United States District Court for the Eastern District of Pennsylvania titled *Katelyn Grace v. Phoenix Media Network, Inc.,* Case Number: 18-2396 (the "Lawsuit"), seeking overtime compensation under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and the Pennsylvania Minimum Wage Act ("PMWA").  (ECF No. 1).[1]

2.     The Lawsuit was assigned to the docket of the Honorable Cynthia M. Rufe, J.

---

[1] Plaintiff later alleged in the Lawsuit, *inter alia*, that in terminating Plaintiff's employment, Phoenix discriminated against her based on her pregnancy in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), including the Pregnancy Discrimination Act of 1978, 42 U.S.C.  § 2000(e)(a).  However, on February 13, 2019, Magistrate Judge Carol Sandra Moore Wells dismissed Plaintiff's claims of pregnancy discrimination arising under Title VII with prejudice.

ACTIVE 42830017v1

3.      Plaintiff alleged in the Lawsuit, *inter alia*, that Defendant misclassified her Marketing Associate position as exempt from the FLSA and PMWA overtime requirements, and thus Defendant owed her overtime compensation for all hours purportedly worked each week over 40.

4.      At all times, Defendant vehemently denied the validity of any and all liability for any claims or causes of action which Plaintiff claimed, and contended that Plaintiff was barred from any recovery against Defendant because, among other things, Plaintiff's Lawsuit was factually and legally without foundation.  Phoenix, *inter alia,* vehemently:  denied that it misclassified Grace's Marketing Associate position as exempt from the FLSA and PMWA's overtime requirements, denied that Grace ever worked in excess of 40 hours in any work week during which she was employed by Phoenix, denied the validity of any and all liability for any claims or causes of action which Grace may have had or claimed, and contended that Grace was barred from any recovery against Phoenix because, among other things, Grace's Lawsuit was factually and legally without foundation and merit.

5.      Phoenix also strongly asserted that it was entitled to recover its reasonable attorneys' fees in defending the Lawsuit pursuant to, among other things, 42 U.S.C. §§ 2000(e) *et seq.*, 29 U.S.C. § 216(b), Fed. R. Civ. P. 11, and/or the Court's inherent power, because Plaintiff acted in bad faith, vexatiously, wantonly and/or for oppressive reasons, and the Lawsuit and the claims therein were frivolous, groundless, and without legal and factual foundation.  Plaintiff vehemently denied all such claims that Defendant was entitled to its reasonable attorneys' fees' for any reason whatsoever.

6.      Phoenix also asserted that it may have or make other claims, causes of action, rights, charges, grievances, demands or suits in law or equity against Grace, including but not

2

limited to claims for damages, costs and attorneys' fees.  Plaintiff vehemently denied all such claims.

7.      On or about September 4, 2018, Grace served Plaintiff's Self-Executing Disclosures and on or about November 2, 2018, Grace served her answers and responses to Phoenix's First Set of Interrogatories and Requests for Production of Documents, containing each purported individual, and all purported documents, electronically stored information, and tangible things, that Grace had to purportedly support her claims.

8.      Phoenix strongly contended that, notwithstanding Grace's disclosures and responses to discovery, the depositions by Grace of six (6) Phoenix witnesses, and the deposition of Grace herself, Grace failed to meet her minimal burden of demonstrating or providing any credible evidence that Phoenix misclassified Grace as exempt from the FLSA or PMWA's overtime requirements, that Grace ever worked in excess of 40 hours in any work week during which she was employed by Phoenix, or that she performed any work for which she was not properly compensated.

9.      On January 31, 2019, the Parties participated in a Court ordered settlement conference before the Honorable Magistrate Judge Carol Sandra Moore Wells that lasted in excess of six (6) hours.

10.     Following the settlement conference, and notwithstanding Phoenix's belief that Grace's FLSA, PMWA, and other claims were particularly dubious, nor Plaintiff's belief otherwise, the Parties agreed to resolve all the claims made in the Lawsuit, as well as any other claims, disputes, charges, causes of action and issues that exist or may exist between the Parties, in order to avoid the cost, disruption and distraction of further litigation, pursuant to

*ACTIVE 42830017v1*

the terms and conditions of a *Settlement Term Sheet* that was later reduced to a written Settlement And General Release Agreement (the "Settlement Agreement").

11.     On February 5, 2019, by agreement of the Parties the Lawsuit was referred to Magistrate Judge Wells for all purposes (ECF No. 17), and contemporaneously herewith, a true and correct copy of the Settlement Agreement is being submitted to Magistrate Judge Wells *in camera* for her review.

12.     All Parties have been represented by counsel during the litigation and negotiation process and the Parties agree, based on the scope of the claims and the costs of continued litigation, that the Settlement Agreement represents a fair and reasonable resolution of all claims.

13.     Settlement of Plaintiff's FLSA claim is subject to judicial approval pursuant to 29 U.S.C. §216(b).

14.     Therefore, in accordance with the applicable requirements for settling an FLSA claim, the Parties hereby seek the Court's approval of the Settlement Agreement reached in this matter and request that the matter be dismissed, with prejudice.

## **<u>MEMORANDUM OF LAW</u>**

In agreeing upon their settlement reached herein, and as the Court is aware having overseen the six (6) hour settlement conference, the Parties obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses.  The Parties also respectfully submit that this Court should approve the settlement reached among the Parties, with the Court's own assistance, as fair and reasonable.  *See* 29 U.S.C. §216(c); *Brumley v. Camin Cargo Control, Inc.,* 2012 U.S. Dist.

4

LEXIS 40599, 2012 WL 1019337, at *2 (D. N.J. 2012) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

District courts in the Third Circuit typically look to the considerations set forth in *Lynn's Food Stores* when deciding whether to approve a FLSA settlement.  *Altenbach v. Lube Center, Inc.*, 2013 U.S. Dist. LEXIS 1252, 2013 WL 74251, at *1 (M.D. Pa. 2013).   In accordance with *Lynn's Food Stores,* the Court's review of the Parties' settlement is to determine if it is a "fair and reasonable resolution of a *bona fide* dispute." *Id.* at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.  In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

    (1)  the existence of fraud or collusion behind the settlement;
    (2)  the complexity, expense, and likely duration of the litigation;
    (3)  the stage of the proceedings and the amount of discovery completed;
    (4)  the probability of Plaintiff's success on the merits;
    (5)  the range of possible recovery; and
    (6)  the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531, n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist., LEXIS 10287 at *2-3 (M.D. Fla. Jan. 8, 2007).

The Settlement Agreement reached in this case did not involve coercion, collusion or any undue influence, but was instead agreed upon voluntarily and after due consideration and extended arm's length negotiations over the course of many months and with the aid of the participation in the Court ordered Settlement Conference before the Honorable Magistrate Judge Wells.  Further, Plaintiff and Defendant have at all times been represented by

*ACTIVE 42830017v1*

competent counsel experienced in the litigation of FLSA claims, and the Parties' Settlement Agreement represents a reasonable compromise of Plaintiff's claims, including FLSA liability and the application of various defenses Defendant has raised in opposition to Plaintiff's claims.

Based upon the facts and circumstances of this case, the Parties jointly advise the Court that the amount Defendant has agreed to pay under the terms of the Parties' Settlement Agreement is a fair and reasonable settlement of a *bona fide* dispute.   The Settlement Agreement here reflects a reasonable compromise of disputed issues and is in no way a "mere waiver of statutory rights brought about by an employer's overreaching."  *Lynn's Food Stores,* 679 F.2d at 1354.  As explained in *Perez–Nunez,* "[g]iven a particularly dubious FLSA claim, it may be possible that a plaintiff's voluntary dismissal with prejudice in return for nothing is a fair and reasonable resolution of the dispute."  *Perez–Nunez v. North Broward Hospital District*, 609 F. Supp. 2d 1319, 1320 (S.D. Fla. 2009).

The Parties here therefore respectfully submit that the Parties' Settlement Agreement should be approved by the Court consistent with applicable precedent, including *Lynn's Food Stores,* 679 F.2d at 1353.  If the Court requires any additional information to determine the reasonableness of the Parties' settlement, the Parties respectfully request that the Court convene a fairness hearing, at which time the Parties will provide any further information needed for the Court to determine whether the *Leverso* factors have been satisfied.

WHEREFORE, the Parties respectfully request that the Court (1) grant their Joint Motion for Approval of Settlement Agreement and Stipulation of Dismissal With Prejudice; (2) enter an Order finding the settlement fair and reasonable and dismissing the case with prejudice; and granting such other and further relief as the Court deems appropriate.

Respectfully submitted, this 8th day of April, 2019.

| ABRAMSON EMPLOYMENT LAW, LLC | GREENBERG TRAURIG, P.A. |
|---|---|
| *Attorney for Plaintiff* | *Attorneys for Defendant* |
| 790 Penllyn Blue Bell Pike | 401 East Las Olas Boulevard, Suite 2000 |
| Suite 205 | Fort Lauderdale, Florida  33301-4223 |
| Blue Bell, PA 19422 | Telephone:  (954) 765-0500 |
| Telephone:  (267) 470-4742 | Facsimile:  (954) 765-1477 |
| | |
| By: */s/ Andrew S. Abramson* | By:    */s/ Caran Rothchild* |
|     ANDREW S. ABRAMSON |     CARAN ROTHCHILD |
|     Pennsylvania Bar No. 57015 |     Admitted *pro hac vice* |
|     asa@aemploylaw.com |     Florida Bar No. 983535 |
| |     rothchildc@gtlaw.com |
| | |
| | and |
| | |
| | GREENBERG TRAURIG, LLP |
| | 1717 Arch Street, Suite 400 |
| | Philadelphia, PA  19103 |
| | Telephone:  (215) 988-7800 |
| | Facsimile:  (215) 988-7801 |
| | rosemana@gtlaw.com |
| | |
| | By: */s/ Adam R. Roseman* |
| |     ADAM R. ROSEMAN |
| |     Pennsylvania Bar No. 313809 |
| |     rosemana@gtlaw.com |